UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re: | NO. CIV. 2:11-1833 WBS |
| CWS ENTERPRISES, INC., | (Bankruptcy Court Case No. 09-26849-C-11) |
| Debtor, | |
| _____/ | (Adversary Proceeding No. 09-2686-C) |
| CWS Enterprises, Inc., by David Flemmer, its Chapter 11 Trustee, | MEMORANDUM AND ORDER RE: MOTION FOR LEAVE TO APPEAL |
| Plaintiff, | |
| v. | |
| Freidberg & Parker, A Law Corporation, | |
| Defendant. | |
| _____/ | |

----oo0oo----

Defendant Freidberg & Parker ("Freidberg") seeks leave to file an appeal of the bankruptcy court's Order Determining Status of Claim.

I.  Factual and Procedural Background

Freidberg, a former law firm for the debtor, claims a

1

lien on $4,000,000 now held in a blocked bank account. (Mot. for Leave to Appeal at 3:1-3 (Docket No. 1).) On October 21, 2009, the Trustee in the bankruptcy proceeding filed a complaint to determine the validity and extent of the lien. (Id. at 3:7-12.) The Trustee also brought an objection to Freidberg's claim, to be heard in connection with another adversary proceeding involving the debtor. (Id. at 3:7-4:19.) A one-day trial was held on June 8, 2011, to determine the lien issue. (Id. at 5:1-2.) On June 22, 2011, the bankruptcy court read its findings of fact and conclusions of law on the record, noting that "[i]t's apparent to me that the case is going to wind up paying Mr. Freidberg everything he's entitled to, and at that point, at this point, we don't know what that number is." (Tr. at 17:6-9 (Docket No. 1).)

On June 28, 2011, the bankruptcy court entered the Order Determining Status of Claim, ordering that Freidberg does not have a security interest in the $4,000,000 enforceable against the Trustee, nor was Freidberg entitled to an equitable lien on the bank account. (Mot. for Leave to Appeal at 5:12-16.) The bankruptcy court explicitly stated that it was not entering a final judgment: "[T]he ruling . . . is interlocutory, in the sense that until I finally resolve the entire adversary proceeding as to all counts and all parties, any decision that's rendered on a preliminary basis can be revisited." (Tr. at 4:1-6; see also id. at 19:21-23 ("I'm open to [reconsideration] at any point that it makes sense.").)

Freidberg seeks leave to appeal the bankruptcy court's Order, arguing that the decision should be considered final and

1 that, even if it is interlocutory, this court in its discretion
2 should hear the appeal.
3 II.  <u>Discussion</u>
4           Jurisdiction over an appeal from an order of a
5 bankruptcy court is governed by 28 U.S.C. § 158.  That section
6 vests the district courts with jurisdiction to hear appeals "from
7 final judgments, orders, and decrees . . . and with leave of the
8 court, from other interlocutory orders and decrees" issued by the
9 bankruptcy court.  28 U.S.C. §§ 158(a).  Thus, only "final"
10 rulings may be appealed as a matter of right; a party seeking to
11 appeal any other order must seek leave of the district court.  <u>In
12 re Frontier Props., Inc.</u>, 979 F.2d 1358, 1362 (9th Cir. 1992).
13          A final order is one that "ends the litigation on the
14 merits and leaves nothing for the court to do but execute the
15 judgment."  <u>Id.</u> (citing <u>Catlin v. United States</u>, 324 U.S. 229,
16 233 (1945)).  An interlocutory order, in contrast, is one that
17 does not finally determine a cause of action, but instead decides
18 only an intervening matter and requires further steps to be
19 taken.  <u>In re Eleccion</u>, 178 B.R. 807, 808 (9th Cir. BAP 1995).
20          The Ninth Circuit has held that finality standards in
21 the context of bankruptcy proceedings warrant flexibility.  <u>See
22 In re Mason</u>, 709 F.2d 1313, 1317 (9th Cir. 1983) ("[C]ertain
23 proceedings in a bankruptcy case are so distinct and conclusive
24 either to the rights of individual parties or the ultimate
25 outcome of the case that final decisions as to them should be
26 appealable as of right."); <u>see also</u> <u>In re Victoria Station Inc.</u>,
27 840 F.2d 682, 683 (9th Cir. 1988).  Courts have thus adopted a
28
                                    3

"pragmatic approach" to assessing finality that focuses on whether "the decision appealed from 'effectively determined the outcome of the case.'" In re Frontier Props., 979 F.2d at 1363 (citing In re Martinez, 721 F.2d 262, 265 (9th Cir. 1983)). Specifically, a bankruptcy order may be appealed as a matter of right where it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." Id.; In re Allen, 896 F.2d 416, 418 (9th Cir. 1990). Such an order is deemed final because it "can cause irreparable harm if the losing party must wait until bankruptcy court proceedings terminate before appealing." In re Allen, 896 F.2d at 418.

While not dispositive as to this court's determination of finality, the bankruptcy judge explicitly stated that his Order was not final and appealable. The judge noted that further proceedings will determine the exact amount to which Freidberg is entitled; the Order merely foreclosed the possibility that the amount could be recovered in the form of a security interest or equitable lien in the specific bank account.

Even assuming the bankruptcy court's Order finally determined the discrete issue to which it was addressed, the Order did not resolve and seriously affect substantive rights. Freidberg's entitlement to a lien on specific property does not resolve whether or how much it is entitled to recover from the bankruptcy estate in general. Freidberg may still recover from other assets of the estate, which the bankruptcy court noted far exceed the amount owed to Freidberg or any other creditor. Because the bankruptcy court's Order was interlocutory, not

4

final, Freidberg can only appeal with leave of this court.

"Granting leave [to appeal an interlocutory order] is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." In re Kashani, 190 B.R. 875, 882 (9th Cir. BAP 1995).

Granting leave to appeal would not be appropriate in this case. Freidberg has not shown that any difference of opinion exists on the legal issues involved. Furthermore, the bankruptcy court will have to decide the amount Freidberg is owed regardless of whether that amount comes from the bank account or from the debtor's other assets, so judicial economy will not be advanced by an immediate appeal. Accordingly, the court will deny Freidberg's motion for leave to appeal.

IT IS THEREFORE ORDERED that Freidberg's motion for leave to appeal be, and the same hereby is, DENIED.

DATED: August 31, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5